Wright, J.,
delivered the opinion of the court:
This suit is brought by the plaintiff to recover the extra pay provided for officers and enlisted men of the United States Volunteers by the first section of the act of Congress approved January 12, 1899 (30 Stat. L., 784), extended by act of May 26,1900 (31 Stat. L., 217), which is as follows:
“ That in lieu of granting leaves of absence and furloughs to officers and enlisted men belonging to companies and regiments of United States Volunteers prior to muster out of the service, all officers and enlisted men belonging to volunteer organizations hereafter mustered out of the service who have served honestly and faithfully beyond the limits of the United States shall be paid two months’ extra pay on muster-out and discharge from the service, and all officers and enlisted men belonging to organizations hereafter mustered out of the service who have served honestly and faithfully within the limits of the United States shall be paid one month’s extra pay on muster out and discharge from the service, from any money in the Treasury not otherwise appropriated: Provided, That the discharge of all officers and enlisted men from the volunteer service of the United States shall, as far as practicable, take effect on the date of the muster out of the organization to which they belong, and that regiments and other independent organizations shall be mustered out at camps within the limits of the United States or at the rendezvous of the State, regiment, or independent organization.”
The act approved May 26, 1900, provides :
“ That the act approved January twelfth, eighteen hundred and ninety-nine, granting ‘ extra pay to officers and enlisted men of the United States Volunteers,’ shall extend to all volunteer officers of the general staff who have not received waiting orders prior to discharge, at the rate of one month to those who did not serve beyond the limits of the United States and two months to those who served beyond the limits of the United States; and officers and enlisted men of volunteer organizations, who have served honestly and faithfully in the Volunteer Army of the United States during the war with Spain and have been honorably discharged without' furlough, or by reason of their services being no longer required, or at any time by reason of wounds received or disability contracted in the service and in the line of duty, *419 and who have not received the extra pay granted in said act or in subsequent acts of Congress supplemental thereto: And this act shall be deemed to apply to officers of volunteers who resigned and enlisted men of volunteers who were discharged upon their own applications' subsequent to the issue of orders for the muster out of their organizations and prior to the dates of muster out.”
The general principle upon which this and other similar cases have been disposed of during the present term is, that if the facts disclose that during -the 'furlough period the officer or soldier was subject to the orders of superior authority, whether such officer or soldier did much or little or any duty, or if the officer or soldier was by order under medical or surgical treatment in a hospital, or otherwise subject to the orders of the medical staff, then- such officer or soldier was not on furlough; or, in other words, if his time had not been placed at his own personal disposal, then the furlough did not exist. If such officer or soldier enjoyed, in soliclum, any part of the furlough period, during which he was not subject to duty, nor Avaiting or responding under orders for duty, then such part is to be considered as furlough pro tanto, and the extra pay should be diminished ’pro rata. If, however, the officer or soldier Avas merely excused from duty from day to day, or from time to time, with tire understanding he Avas again to report at a stated time or times, then the furlough Avas not existing.
In all these decisions it has been considered that the furlough had been withheld or suspended whenever it appeared that orders by superior authority, verbal or written, had been directed to the officer or soldier, obedience to which interfered with the personal freedom of the subject of them to dispose of his own time as he might please. It Avas not for the subordinate to decide whether" the service required of him Avas a military duty; it Avas for him only to obey.
This plaintiff served beyond the limits of the United States and did not have ffiaA^e of absence or furlough and is therefore entitled to two months’ extra pay, four hundred sixteen dollars and sixty-seven cents ($416.61), for which judgment, will be awarded.
Peelle, J., dissents for reasons stated in the case of Dag-gett (ante p. 209).