Wright, J.,
delivered the opinion of the court:
The question that arises for decision upon the findings of fact herein is the grade to which the extra pay of the officer attaches in consequence of his having been honorably discharged without furlough. The correct solution of the question, as in all cases arising upon the provisions of a statute, is to determine the intention of the Congress. This intent must be ascertained from the language employed and the meaning thereof should be given according to its common im *80 port. Little aid in this respect is gained from judicial interpretation of prior statutes, where from the contents thereof the conditions provided for were not thé same. In the present case the provisions of the statute plainly imply, that which was absent in former statutes, that furloughs had been granted to some of the officers and enlisted men in the war in question and not to others. In view of this fact it was provided by the act of January 12, '1899 (30 Stat. L., 184), that in lieu of granting leaves of absence and furloughs prior to muster oiit of the service, all such officers and enlisted men thereafter mustered out, who served honestly and faithfully, should be paid extra pay on muster out and discharge. The act of May 26, 1900 (31 Stat. L., 217), extended the provisions of the former act to officers and enlisted men who had been honorably discharged without furlough, and who had not received the extra pay granted in said act.
The claimant in the present case belonged to an organization to which a furlough had been granted prior to the time of its muster out and discharge, and but for the fortuitous circumstance of having been detained for special duty he would have enjoyed such furlough as did his comrades. So these facts have pointed out with unerring certainty the furlough period of which the claimant was deprived and for which he is entitled to extra pay. In this respect there is an easily distinguished difference from the members of an organization that had not been granted the privilege of a furlough; for in sh'ch cases no time had ever been designated in which the furlough could have been effective, and from the necessities of the case the time for extra pay would be computed from the date of muster out and discharge, the statute by plain implication being a prohibition to granting the kind of furloughs previously ordered, wherein it is directed that in lieu of such furloughs extra pay shall be substituted.
It follows from the foregoing views that the claimant is entitled only to the pay of the rank held by him during the period of the furlough that was granted to his regiment, and judgment will be entered accordingly for one hundred sixteen dollars and sixty-seven cents ($116.67).