Peelle, Ch. J.,
delivered the opinion of the court:
The claimant seeks to recover for two months’ extra pay as first lieutenant Co. C, 47th Regiment U. S. Volunteers, for service beyond the limits of the United States.
The claimant was commissioned August 23, 1899, under the act of March 2, 1899 (30 Stats. L., 977), being an act “ For increasing the efficiency of the Army of the United States, and for other purposes,” including the raising of volunteers, and he served in the Philippine Islands honestly and faithfully until discharged by the Secretary of War by Special Order No. 64, Headquarters of the Army, Adjutant-General’s Office, March 19, 1901, to take effect March 31, 1901.
The General Order No. 45, Headquarters Division of the Philippines, December 18, 1900, issued by direction of the Secretary of War, as set forth in finding hi, directed that the muster out of the Volunteer Army in the Philippine Islands should begin about January 1, 1901. The details of the movements were left to the department commanders.
By General Order No. 17, Headquarters of the Army, Adjutant-General’s Office, February 15, 1901, it was, among other things, provided that the volunteer officers and enlisted men should be mustered out by June 30, 1901.
The statutes under which the claimant seeks a recovery are embodied in the act of January 12, 1899 (30 Stats. L., *155 784), as amended by the act of May 26, 1900 (31 Stats. L., 217). Section 1 of the act of January 12, 1899, reads as follows:
“ That in lieu of granting leaves of absence and furloughs to officers and enlisted men belonging to companies and regiments of United States Volunteers prior to muster out of the service, all officers and enlisted men belonging to volunteer organizations hereafter mustered out of the service who have served honestly and faithfully beyond the limits of the United States shall be paid two months’ extra pay on muster out and discharge from the" service, and all officers and enlisted men belonging to organizations hereafter mustered out of the service who have served honestly and faithfully within the limits of the United States shall be paid one month’s extra pay on muster out and discharge from the service, from any money- in the Treasury not otherwise appropriated:
“Provided, That the discharge of all officers and enlisted men from the volunteer service of the United States shall, as far as practicable, take effect on the date of the muster out of the organization to which they- belong, and that regiments and other independent organizations shall be mustered out at camps within the limits of the United States or at the rendezvous of the State, regiment, or independent organization.”
The last paragraph of the act of May 26, 1900, reads as follows:
“ That the act approved January 12th, 1899, granting ‘ extra pay to officers and enlisted men of the United States Volunteers,’ shall extend to all volunteer officers of the general staff who have not received waiting-orders pay prior to discharge, at the rate of one month to those who did not serve beyond the limits of the United States and two months to those who served beyond the limits of the United States; and officers and enlisted men of volunteer organizations, who have served honestly and faithfully in the Volunteer Army of the United States during the war with Spain and have been honorably discharged without furlough, or by reason of their services being no longer required, or at any time by reason of wounds received, or 'disability contracted in the service and in the .line of duty, and who have not received the extra pay granted in said act or in subsequent acts of Congress supplemental thereto. And this act shall be deemed to apply to officers of volunters who resigned and enlisted men of volunteers who were discharged upon their own ap *156 plications subsequent to the issue of orders for the muster out of their organizations and prior to the dates of muster out.”
Tn the Clark and Pierson cases (31 C. Cls. R., 60) the court held that the act of January 12, 1899, was prospective, and applied to volunteers who thereafter enlisted under the act of March, 1899, supra. It was also held in that case that a soldier discharged before the muster out of his regiment was not entitled to the two months’ extra pay given by said act of January 12, 1899.
In the case of Repetti (40 C. Cls. R., 240) it was held that the act of May 26,1900, supra, extending said act of January 12, 1899, to officers of the general staff, was not limited to the war with Spain, and was therefore necessarily prospective, and applicable to all officers thereafter mustered out.
It will be noted that while the second clause of the paragraph in the act of May 26,1900, in express terms applies only to “ officers and enlisted men of volunteer organizations who have served honestly and faithfully in the Volunteer Army of the United States during the war with Spain,” the last clause of the paragraph in express terms applies the act “ to officers of volunteers who resigned and enlisted men of volunteers who were discharged upon their own applications subsequent to the issue of orders for the muster out of their organizations and prior to the dates of muster out,” and in this respect differs from the act of January 12, 1900.
.The question is, Has the claimant brought himself within the act referred to?- The claimant was discharged by Special Order No. 64, under’date of May 19, 1901, after the orders of December 18, 1900, and February 15, 1901, set forth in the findings, directing the muster out of the volunteer army in the Philippines, and suggesting that those officers who desired “ to leave the service to enter business and cast their fortunes with the Philippine Islands ” be permitted to do so, and it was suggested that those who so desired should at once submit their resignations through the proper channel.
True, it was not until May 25, 1901, that the specific order for the muster out of the organization to which the claimant *157 belonged was issued, but the order of the Secretary of War of December 18, 1900, was issued before the special order directing the discharge of the claimant, and he was discharged for the reason recited in both the general and the special order, “his services being no longer required.” . The claimant, therefore, had performed his engagement with the Government, and giving him the benefit of the doubt we think the purpose of the act will be subserved by treating the general order of the Secretary of War of December 18, 1900, as the order directing the muster out of the volunteer organizations serving in the Philippine Islands.
If we are correct in this, then the last clause of the amend-atory act of May 26, 1900, supra, applies to the claimant, as he was discharged upon his own application subsequent to the issue of orders for the muster-out of the organization of which he was a member, and prior to the date of the muster out.
It follows from what we have said that the claimant is entitled to recover two months’ extra pay, amounting to two hundred and fifty dollars ($250), for which judgment is ordered.
Howey, J., was not present when this case was tried and took no part in the decision.