Atkinson, J.,
delivered the opinion of the court:
The claimant was enrolled as first lieutenant in Company C, First Regiment District of Columbia Volunteers, in the war with Spain, and served beyond the limits of the United States, and was mustered out of the service with his regiment November 20, 1898. September 12 of said year his regiment was furloughed, but claimant did not receive the benefit of such furlough, being detained for military duty by proper authority during the whole of the furlough period. On account of his failure to receive the benefit of such fur *3 lough he claims extra pay under the acts of January 12, 1899 (30 Stat. L., 784), and May 26, 1900 (31 Stat. L., 217).
There is, however, no controversy at this time as to the right of the claimant to recover the amount claimed for the two months’ extra pay, viz, $250, for the reason that this court has decided, in a number of cases, that such payment should be made. (Charles B. Hunt v. The United States, 38 C. Cls. R., 704; Byron B. Daggett v. The United States, 39 C. Cls. R., 209; Francis Magurn v. The United States, 39 C. Cls. R., 416; Lina Deitz v. The United States, 39 C. Cls. R., 556; Edward D. Legg v. The United States, 40 C. Cls. R., 115; Henry S. Terrell v. The United States, 40 C. Cls. R., 78; William T. Bishop v. The United States, 41 C. Cls. R., 151.)
The defendants, however, interpose a counterclaim for the sum of $42.50, which was allowed claimant by the Auditor of the War Department upon the following statement of facts: Claimant was enlisted as first lieutenant in Company C, First Begiment District of Columbia Volunteers, in the war with Spain. On the 30th of May, 1898, he was assigned to the command of Company I, in said First Begiment, and continued in the command of said latter company to and including July 28, 1898, and for such service he, was allowed a captain’s pay, amounting, as above stated, to $42.50, said amount being the difference between the pay of a first lieutenant and captain. The only question, therefore, for the court to determine is, Shall the $42.50 heretofore paid to claimant be deducted from the $250 which is allowed to him for services rendered during the furlough period as set forth in Finding II ?
In the case of Humphries v. The United States (38 C. Cls. R., 689), the rights and duties of officers as to emergency commands and promotions, in time of war, and as to what salaries should be paid to them under such circumstances, is carefully reviewed. The gist of that opinion is that when a vacancy occurs in a company, regiment, or brigade, in camp or on the battlefield, the next officer in rank shall assume command eo instanti; and that no official order is necessary in such emergency; nor shall such advancement, under such circumstances, entitle the officer so advanced to increased *4 pay, because such additional duties are neither honors nor burdens placed upon soldiers by competent authority, but are merely the incidental duties of military official life which necessarily go with each officer’s commission. Still, it is held in.this opinion, and wisely so, we believe, that “where a colonel is assigned to the command of a brigade, or where a lieutenant-colonel is assigned to the command of another regiment than his own, there will be a case coming within the statute.” The statute to which this refers is the act of April 26, 1898 (30 Stat. L., 364), which is in the following language:
“ That in time of war every officer serving with troops operating against an enemy who shall exercise, under assignment m orders issued by competent authority, a command above that pertaining to his grade, shall be entitled to receive the pay and allowances of that grade appropriate to the command so exercised: Provided, That a rate of pay exceeding that of a brigadier-general shall not be paid in any case by reason of such assignment.”
It is evident that the intention of this statute is to allow officers, under proper assignment in orders, who assume higher commands, which carry with them greater responsibilities, a higher rate of pay for such responsibilities; and increased pay should not be allowed, except in cases where an assignment in orders is necessary.
The defendants rely mainly upon the decision of the Supreme Court in Mitchell's case (205 U. S. R., 161) wherein it was held that where an officer exercised a command in pursuance of orders above that of his grade, by reason of being the senior officer present, he was not entitled to recover the difference between the pay of his proper grade and that of the higher command, exercised by him.
The decision, however, of the Supreme Court in Mitchell's case, supra, does not warrant the deduction of the counterclaim of $42.50' in the case before us. Mitchell was a lieutenant, and, owing to the absence of the captain and first lieutenant of his company, the command of the company necessarily devolved upon the subaltern next in rank who is serving with the company, and the claimant being that officer, was directed to take command of the company under the *5 rule of succession by seniority in the ordinary course of military duty.
In the case at bar the findings show (Finding III) that the claimant was assigned, by proper and necessary orders, to the command of Company I, which was not his own company, and he could not therefore have exercised such command, except by virtue of an order which placed him in command. As the decision in MitchelVs case, supra, was based entirely upon the ground that the order issued to him to command his company was unnecessary, consequently he was not entitled to increased pay for a higher command under a superfluous order. As that point is not involved in the case at bar, we decide that a judgment be entered for the sum of two hundred and fifty dollars ($250), without deduction of the counterclaim interposed by the defendants.