Peelle, Ch. J.,
delivered the opinion of the court:
The only question presented by the reference of this case by the Secretary of the Treasury is, Does the act of March 4, 1907 (34 Stat. L., 1356), apply to claims theretofore disallowed by the accounting officers for one and two months’ extra pay to officers and enlisted men serving in the late war with Spain?
That act reads:
“ Back pay and bounty: For payment of amounts for arrears of pay of two and three year volunteers, for bounty to volunteers and their widows and legal heirs, for bounty under the act of July twenty-eighth, eighteen hundred and sixty-six, and for amounts for commutation of rations to prisoners of war in rebel States, and to soldiers on furlough, that may be certified to be due by the accounting officers of the Treasury during the fiscal year nineteen hundred and eight, two hundred thousand dollars: Provided, That in all cases hereafter so certified the said accounting officers shall, in stating balances, follow the decisions of the United States Supreme Court or of the Court of Claims of the United States after *191 the time for appeal has expired, if no- appeal be taken, without regard to former settlements or adjudications by their predecessors.
“For payment of amounts for arrears of pay and allowances on account of service of officers and men of the army during the war with Spain and in the Philippine Islands that may be certified to be due by the accounting officers of the Treasury during the fiscal year nineteen hundred and eight, and that are chargeable to the appropriations that ■ have been carried to the surplus fund, two hundred thousand dollars.”
The claimant’s contention is that inasmuch as this court, in the case of Bishop (41 C. Cls. R., 151), held, January 20, 1906, that officers and enlisted men serving in the Philippine Islands who were mustered out subsequent to the date of the order (December 18, 1900) for the muster out of their respective regiments, but prior to the muster out of such regiments, were entitled, under the act of March 2, 1899 (30 Stat. L., 979), as amended by the act of May 26, 1900 (31 Stat. L., 217), to two months’ extra pay for service in the Philippines, therefore, when the claimant applied to the Auditor for. the War Department after the passage of the act of March 4, 1907, supra, the accounting officers should have followed the decision in the Bishop case, notwithstanding they had previously disallowed said claim. That is to say, that the proviso to the first paragraph of the act of 1907, quoted above, includes claims for two months’ extra pay to the officers and enlisted men who served during the Spanish war as well as back pay and bounty to the volunteers who served during the late civil war.
It is not necessary to consider whether the proviso is in the nature of general legislation and, therefore, applicable to the claim herein, as the proviso is but declaratory of the law as it was and is respecting the duties of the accounting officers in the adjustment and settlement of claims. Clearly it is the duty of the accounting officers, as well as of all other officers of the Government in the discharge of their official duties, to follow the rulings of the United States courts when applicable, but when, in the absence of such decisions, they have passed upon and disallowed a claim their practice has been not to review the action of their predecessors except in cases of “ mistakes in matters of fact arising from errors in *192 calculation and to cases of rejected claims in which material testimony is afterwards discovered and produced,” as ruled in the case of United States v. Bank of Metropolis (15 Pet., 377, 401).
That ruling, however, applies only to cases considered, for, notwithstanding a claim may have been allowed or rejected, if subsequent thereto the Supreme Court or this court has adjudicated such claim or a like claim, such adjudication creates a new rule of decision, binding on the accounting officers in the subsequent consideration of like claims, whether then pending or subsequently filed. In other words, the rule of stare decisis applicable to the decisions of the courts does not apply to the rulings of the accounting officers in the adjustment of claims when such rulings conflict with subsequent adjudications of the courts. (United States v. Harman, 147 S. S., 268, 274; Wisconsin Central Railroad Co. v. United States, 164 U. S., 190, 205.) To so hold would compel claimants having claims of a like class to resort to the courts for the audit of their accounts though their legal rights had theretofore been determined and all that remained was for the accounting officers to audit their accounts in conformity with such adjudications. While the rulings of the accounting officers, under section 8, act July 31, 1894 (28 Stat. L., 162, 207), are conclusive upon the executive branches of the Government, they are not on the courts; and if not, then subsequent decisions of the courts, though adverse thereto, furnish the rule by which such like cases are to be thereafter settled. Not that a claim once settled i's to be reviewed by virtue of such subsequent adjudication adverse to the ruling of the accounting officers, but if reviewed by the action of such officers, as in the present case, then such adjudication is to be followed in the final disposition of such claim and all like claims thereafter settled.
In the present case the claim was filed in the Treasury Department within six years from the time it accrued, as shown by the findings, and was rejected. After the- decision of this court in the case of Bishop v. United States (41 C. Cls., 151) — from which no appeal was taken — the claimant renewed his application, claiming the benefit of that ruling under the proviso quoted; but the auditor held, notwith *193 standing the decision in the Bishop case, that the proviso had no application to claims for extra pay. It follows that if the auditor had held the proviso applicable the claim would have been allowed. From-that decision an appeal was taken to the comptroller, upon whose recommendation the Secretary of the Treasury referred the matter to the court under section 2 of the act of March 3, 1883 (22 Stat. L., 485), for an advisory opinion. That section provides “ That when a claim or matter is pending in any of the executive departments which may involve controverted questions of fact or law, the head of such department may transmit the same,” etc. The claim having been reconsidered by the auditor, the comptroller treated is as a pending claim.
The claimant appeared and filed his petition herein looking to an advisory opinion, but he has since filed an amended petition asking for a judgment on the authority of section 13 of the act of March 3, 1881 (24 Stat. L., 505, 507), which reacfe: “ That in every case which shall come before the Court of Claims, or is now pending therein, under the provisions of an act entitled ‘An act to afford assistance and relief to Congress and the executive departments in the investigation of claims and demands against the Government,’ approved March third, eighteen hundred and eighty-three, if it shall appear to the satisfaction of the court, upon the facts established, that it has jurisdiction to render judgment or decree thereon under existing laws or under the provisions of this act, it shall proceed to do so, giving to either party such further opportunity for hearing as in its judgment justice shall require, and report its proceedings therein to either House of Congress or to the department by which the same was referred to said court.”
From the reading of that section it is manifest that the court is required to render judgment if the claim herein is not barred under Revised Statutes, section 1069.
In the case of United States v. New York (160 U. S., 598-619) the court, after reviewing the case of Finn v. United States (123 U. S., 227, 232), United States v. Lippitt (100 U. S., 663, 669), and De Arnaud v. United States (151 U. S., 483, 495), said: “Upon the authority of those cases we adjudge that as the claim of New York was presented to *194 the Treasury Department before it was barred by limitation, its transmission by the Secretary of the Treasury to the Court of Claims for adjudication was only a continuation of the original proceeding commenced in that department in 1862. The delay by the department in disposing of the matter before the expiration of six years after the cause of action accrued could not impair the rights of the State. Of course if the claim had not been presented to the Treasury Department before the expiration of that period the Court of Claims could not have entertained jurisdiction of it.”
The claim herein was first filed in 1904, three years after the claim accrued; and after its rejection in August, 1904, and after the decision in the Bishop case, the claimant, on August 12, 1907, renewed his application. The claim was not rejected by reason of the previous decision of the accounting officers, but was rejected on the ground that the proviso did not apply to Spanish war claims for extra pay. On appeal the comptroller treated the claim as a pending one in the department, otherwise the Secretary of the Treasury would have had no authority to refer the same to the court under said section 2 of the act of 1883.
The question presented then is, Shall the court, in the face of the action of the accounting officers, hold that the claim was not a pending one in the department, and, therefore, that the Secretary had no authority to refer it to the court, or shall the court accept the action of the accounting officers as in effect opening the case and take jurisdiction and render judgment? We think we are justified in pursuing the latter course, and judgment will be entered for $50.40.