Booth, J.,
delivered the opinion of the court:
The findings in this case disclose a situation certainly unique and somewhat perplexing. The claimant was in command of the torpedo-boat destroyer Preble; there was no paymaster or other pay officer aboard the vessel, and the claimant on July 22, 1904, in a formal written order addressed to himself, detailed himself as acting commissary.
*222 “ Sec. 1261. The officers of the army shall be entitled to the pay herein stated after their respective designations:
* * * * * *
“Acting assistant commissary: one hundred dollars a year, in addition to pay of his rank.”
* * * * * * *
This was by section 13 of the act of June 30, 1899 (navy personnel act), made applicable to the navy.
Subsequently article 387, paragraph 5, of the Navy Begu-lations of 1905, was passed, providing as follows: “ When no pay officer is attached to the vessel, he shall detail an officer to act as commissary.” The claim preferred is for the extra compensation of $100 per year, provided for such service in section 1261, Bevised Statutes.
It is apparent that the purpose of the order of July 22, 1904, was a technical compliance with the statute and Army Begulations concerning this particular service. Article 1296 of the Army Begulations excludes a recovery of extra pay for the performance of this service unless “ detailed under proper orders from some established post or body of troops.”
A torpedo-boat destroyer is a small, swift vessel; the service contemplated by its presence in the navy necessarily renders its complement of officers and crew exceedingly small. The officers attached to the Preble at the time claimed for in this suit were the claimant and an ensign. The Navy Department had not attached a pay officer to the vessel, and the reasons therefor are obvious.
There must of necessity be some instances in army and naval life when extra duties will be cast upon an officer for the performance of which he can not recover extra pay. The staWtes of the United States and the regulations governing the army and navy are not intended to cover the incidental duties of military service, and which must from their nature and extent be held to be part of and inseparable from the general service required of an officer under his particular assignment.
Extra pay, it is true, is provided for by statute and by Navy Begulations in many instances, and justly so; and when an officer brings himself within the letter and intent of said laws the same should not be denied him. It does not follow, however, that an officer can invoke the aid of naval *223 laws and regulations by bringing his case within the letter of the law by issuing to himself purported orders of special detail, entirely gratuitous, and which serve only to increase his own pay. This court in Humphreys v. United States (38 C. Cls., 689-693) said:
“ It seems manifest to the court that the order of the corps commander, which is the basis of this case, was not issued for the purpose of assigning the claimant to the command of the designated battalion of his regiment, but for the purpose of securing to him the pay of a lieutenant-colonel. * * * It was not within the province of his duties and responsibilities to put up one officer’s pay or to keep another’s down. What the law contemplated his doing was to make necessary and not gratuitous assignments, and only such as would be for the good of the service and the vigorous prosecution of the war, leaving the matter of pay — which was but an incident of an assignment — to those officers of the Government to whose charge and responsibility it is committed by law.”
It would be a dangerous precedent, exceedingly detrimental to the general welfare of the navy, if an officer thereof could, by special order, detail himself for special duty, without the knowledge or consent of the Navy Department, and thereby increase his regular compensation. The laws governing the navy never so intended.
The technical meaning of the word detail, as well suggested in defendants’ brief, is entirely repugnant to a contention that one can compel himself to the performance of a duty which, in the absence of the detail, he would undoubtedly be required to perform.
Claimant urges the necessity for a commissary under the circumstances and the absence of any other available officer to perform the duties. The admission of both contentions, and both are true, does not relieve the claimant from the discharge of a duty which, in the absence of a special detail, he would be required to perform. The very fact that the duty was indispensable and the absence of an available officer to discharge it makes it expressly incumbent upon the claimant to discharge it as an incident of his general service. If he could detail himself in the absence of an available officer, what would prevent the same proceedings if one were present ? The language of the regulations is “ detail an officer.”
The petition will be dismissed.