*51 MEMORANDUM
BY THE COURT.
As to the service of the plaintiff in command of his battery from January 6 to April 9, 1918, we are of the opinion that the plaintiff is not entitled to the pay and allowances of a captain for the reason that the command exercised by him was in discharge of the ordinary duties of the service. In the absence of his captain the command of the battery devolved upon the plaintiff; the fact that he was away from his battery on detail would not make any difference when he, by competent authority, was ordered back to his battery. The special order issued by' his regimental commander was superfluous and not necessary, and can not be construed as “ an assignment in orders issued by competent authority.” *52 Humphreys v. United States, 38 C. Cls. 689-692; United States v. Mitchell, 205 U. S. 161.
The service of the plaintiff as commander of Battery E, Three hundred and forty-first Field Artillery, and his service as commander of a battery of French guns attached to the Three hundred and forty-first Field Artillery present a different question. It can not be said that he had any connection with Battery E before he was assigned to command it. He was not a subordinate officer of Battery E or of the battery of French guns attached to his regiment. He was not in command of either of these batteries by reason of the fact that he was the senior officer of either of them; but took command of them by virtue of an order of his regimental commander, who had authority to issue such an order. It is probable that Battery E had a first lieutenant of its own, who, but for the order placing tfie plaintiff in command of it, would in the oi'dinary routine of the service have taken command of it in the absence of its captain. At all events, it does not appear that the plaintiff was assigned to Battery E as its first lieutenant. It does appear that the plaintiff was assigned to command a battery to which he did not belong; that he was under an assignment in orders issued by competent authority, exercising a command above that pertaining to his grade; that being the case, he was entitled to receive the pay and allowances of the grade appropriate to the command so exercised. The same is true as to his service with the battery of French guns. His service with these two batteries was from April 9, 1918, to November 6, 1918, and he should recover in addition to what he has received the sum of $295.44.
The statute (act of Apr. 26, 1898, 30 Stat. 365) under which the plaintiff claims reads as follows:
“ That in time of war every officer serving with troops operating against an enemy, who shall exercise, under an assignment in orders issued by competent authority, a command above that pertaining to his grade, shall be entitled to receive the pay and allowances of the grade appropriate to the command so exercised.”
See also Ferris v. United States, 57 C. Cls. 566.
Judgment for plaintiff in the sum of $295.44.